## FATH vs. BLISS.

[BILL IN EQUITY TO FORECLOSE MORTGAGE.]

1. *Contract of sale dischargeable by payment of Confederate treasury-notes ; measures of; damages for breach of.*—The measure of damages for breach of a contract of sale, which was to be discharged by payment of Confederate treasury-notes, is the value of the property, at the date of the sale.

APPEAL from the Chancery Court of Mobile. Heard before the Hon. N. W. COCKE.

The facts are contained in the opinion.

BOYLES & OVERALL, for appellant.
SMITH & HERNDON, *contra.*

[No briefs came into reporter's hands.]

B. F. SAFFOLD, J.—In March, 1863, the appellee, Bliss, sold to the appellant, Fath, a lot of land in Mobile. Fath paid him for it $1,000 cash, and gave him, for the remainder, two promissory notes—one for $900, payable in twelve months, and the other for $1,000, payable in two years, from the date of the sale. He also executed a mortgage on the land to secure the payment of the notes.

The bill, in this case, is filed to foreclose the mortgage, on account of the non-payment of the last note.

The debtor insists that the contract was one to be discharged with Confederate currency. In support of this, he presents the following evidence : The time when the contract was made, the recital in the mortgage of a consideration in Confederate currency, the cash payment, and the payment of the first note, in that currency. These facts are not disputed. The complainant's witnesses estimate the value of the property, at the date of the sale, at $2,500. The defendant's witnesses value it at $1,500, in

lawful currency. The chancellor directed the register to ascertain the amount due on the note, by obtaining a sum which should bear the proportion to the real value of the property, at the time of the sale, that the nominal amount of the note bore to the nominal amount agreed to be paid for the land. This ruling of the court is assigned as error.

The questions involved in this cause have been carefully considered, and our judgment respecting them given, in the case of *Herbert & Gessler v. Easton,* at the present term.

The evidence establishes that the consideration agreed to be paid for the land was not gold and silver, or their equivalent, but Confederate currency. This currency is not recognized by our laws as property, and cannot be regarded as a standard of value. It is, therefore, just and necessary, as well as just and equitable, that the value of the property, at the date of the sale, should be the measure of the recovery on the note.

The decree is affirmed.